SCHOTT, Judge,
concurring:
I agree with the majority that the police report which was received in evidence without objection by U.S. and identifies U.S. as the liability insurer provided a basis for the jury to conclude that U.S. was probably the liability insurer of the Sheriff’s Office.
After defendant rested and before the case went to the jury the following colloquy occurred in chambers:
“THE COURT:
Wait. I have one other thing before we go out there. The insurance policy has not been introduced. What will happen here?
MR. WARD:
I don’t know what he wants to do.
THE COURT:
I mean if you have — in case for some reason it gets higher up, and I am not saying it will, but, you never know. I don’t let the jury see the declaration sheet. If you have it, that is against my policy.
MR. WARD:
Judge, he has not put on evidence of coverage. I don’t think I have to worry about putting a policy in evidence. Anyway, if he has rested, I am willing to rest and if I get blasted, I get *177 blasted. Since he did not put evidence in, I don’t think I can be susceptible to excess judgment.”
This does not suggest that U.S. was making an issue over coverage. Counsel for plaintiff argues that he was led to believe from the above statement, some remarks made in U.S.’s opening statement to the jury, and the information contained in the police report that the formal offer of the policy was unnecessary.
Under all these circumstances I believe that an affirmation of the judgment is supported by C.C.P. art. 2164 which requires the appellate court to render any judgment which is just, legal, and proper upon the record on appeal.
AFFIRMED.